THOMAS J. RIGDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rigdon v. Commissioner
Docket No. 33065-88
United States Tax Court
T.C. Memo 1990-214; 1990 Tax Ct. Memo LEXIS 233; 59 T.C.M. (CCH) 488; T.C.M. (RIA) 90214; April 25, 1990, Filed *233 Decision will be entered for the respondent. Thomas J. Rigdon, pro se. Anthony S. Gasaway, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3). [1] The only issues for decision are (1) whether petitioner is liable for self-employment tax under sections 1401 and 1402, and (2) whether petitioner is liable for an addition to tax pursuant to *235 section 6651(a)(1). Some of the facts have been stipulated and are so found. The oral stipulation of facts and accompanying exhibits are incorporated herein by reference. Petitioner resided in Cape Girardeau, Missouri, when he filed his petition. Petitioner filed his Federal income tax return for the taxable year 1985 on September 9, 1986. On his return, petitioner reported Schedule C business income from a delivery service and an ice cream vending service totaling $ 3,738.16. Petitioner did not file a Schedule SE or pay any self-employment tax for 1985. Instead, on line 51 of his 1985 Form 1040 petitioner wrote "exemption 2049 [sic Form 4029]." By notice of deficiency mailed on October 4, 1988, respondent determined a deficiency in petitioner's 1985 Federal income tax of $ 441.08, and an addition to tax of $ 110.27 pursuant to section *236 6651(a)(1). However, on September 12, 1988, petitioner filed an amended Federal income tax return for the taxable year 1985, making a downward adjustment in his Schedule C income. Petitioner continued to claim an exemption from self-employment tax pursuant to section 1402(g). Respondent accepted petitioner's amended return, and on January 3, 1989, mailed him a supplemental report reducing the deficiency and addition for 1985 to $ 100 and $ 33, respectively. Petitioner bears the burden of proving error in respondent's deficiency determination. ; Rule 142(a). Petitioner claims that based on his religious convictions, he should be allowed to waive his future social security benefits and be exempt from any self-employment tax. Petitioner basically contends that he, as are all people, is a member of The Body of Jesus Christ, and as such is not subject to the imposition of any type of social security tax. Although well educated, petitioner has not had any formal religious training, but nevertheless considers himself a minister, employed only by the Lord Jesus Christ. Petitioner preaches the Gospel to children from his ice *237 cream truck. He is not a member of an organized religious sect. Section 1401(a) imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance. Section 1401(b) imposes a tax on the self-employment income of every individual for hospital insurance. It is well established that the self-employment tax imposed by section 1401 is constitutional. ; . Section 1402(g) provides an exemption from self-employment tax for members of certain religious faiths only if, upon the filing of a proper application by a member of a recognized religious sect or division thereof with established tenets or teachings as described in section 1402(g)(1), the Secretary of Health and Human Services finds, among other things, that the sect or division thereof qualifies under section 1402(g)(1) and such sect or division thereof has been in existence at all times since December 31, 1950. Here, petitioner claims to be a member of The Body of Christ. He defines The Body of Christ as consisting of all people. Petitioner contends that he is merely *238 doing the work God has willed for him by following the principles laid out for him in the Bible. Petitioner further maintains that The Body of Christ has been in existence since the beginning of time. The statutory exemption is narrowly drawn and applies to those who are members of a "recognized religious sect or division thereof" and who are "adherent of established tenets or teachings of such sect or division by reason of which [they are] conscientiously opposed to acceptance of the benefits of any private or public insurance" as outlined in the statute. The exemption does not apply to individuals whose religious beliefs are the basis for conscientious objections. ; . Furthermore, petitioner has not established that he complied with the requirements for filing an application for exemption under section 1402(g). At trial, petitioner produced a reconstruction of the Form 4029, "Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits," he claims he filed for 1985. However, petitioner was unable to produce the actual exemption *239 application, or a duplicate thereof, for unexplained reasons. Also, although petitioner listed "minister" as his occupation on his 1985 Federal income tax return, he has not attempted to establish that he is within the requirements of section 1402(e), which provides an exemption from self-employment tax for certain ordained ministers or members of religious orders. In fact, petitioner does not claim to have filed a Form 4361 for 1985, as required by section 1402(e). Respondent further determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1985. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proof. ; Rule 142(a). The last date prescribed by law for filing petitioner's 1985 Federal income tax return was April 15, 1986. Sec. 6072(a). Petitioner's return, which was signed on August 16, 1986, was not received by respondent until September 9, 1986. Petitioner has offered no explanation for his delay. Based on the *240 foregoing, we sustain respondent on both issues in the amounts reflected in respondent's supplemental report dated January 3, 1989. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code, as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩